EDWARD KLUMBACH, Respondent, v. SILVER MOUNT CEMETERY ASSOCIATION, Appellant.— Action to recover for " mental anguish and sorrow " sustained by reason of the loss of the body of a still-born baby intrusted to defendant for burial. Appeal from order of Appellate Term affirming judgment in favor of plaintiff. Order of the Appellate Term affirming judgment of the City Court of the City of New York, county of Richmond, and said judgment reversed on the facts and a new trial ordered, costs to appellant to abide the event, unless within ten days from the entry of the order hereon respondent stipulate that the verdict of the jury be reduced to $500, in which event the judgment as so modified is affirmed, without costs. In our opinion the amount of the verdict, under the circumstances, was excessive. Lazansky, P. J., Young, Carswell and Scudder, JJ., concur; Tompkins, J., votes to reverse and to dismiss the complaint, with the following memorandum: This case was submitted to the jury on the theory that the defendant was negligent in losing the still-born child or in being unable to locate its whereabouts in the cemetery. The claim made by the complaint that the defendant failed to bury the still-born child in a particular place specified by the plaintiff was expressly abandoned by the plaintiff on the trial. There is no proof or claim that the body was disturbed after it was buried, except when it was disinterred with plaintiff's consent and in his presence, and hence there was no trespass or desecration. I think there was no actionable negligence.

Defendant was only obligated to make the interment and then not to disturb the body. The rule is that mental anguish may be considered only to increase the amount of a recovery for some other injury and that there can be no recovery for injury to feelings alone. (*Baumann* v. *Baumann*, 250 N. Y. 382.)