CLEMAN DIEBLER et al., Plaintiffs, *v.* AMERICAN RADIATOR & STANDARD SANITARY CORPORATION, Defendant.

Supreme Court, Special Term, Erie County, October 19, 1949.

*Selby Smith* for defendant.

*John J. Sullivan* for plaintiffs.

WECHTER, J. This motion seeks dismissal of the complaint (a) On the ground it fails to state facts sufficient to constitute a cause of action, (b) On the further ground that the court has no jurisdiction over the subject of the action.

Plaintiffs' father, while in the employ of the defendant and on June 1, 1948, was killed in the course of the employ, and it is the claim of the plaintiffs that thereafter his remains were mutilated to the extent that on demand of the plaintiffs therefor, there were delivered to them a portion of a forearm and a dark mass of sand purported to comprise a portion of the remains. Specifically, the complaint charges '' defendant wrongfully and negligently failed to preserve the remains * * * and after his death wrongfully and negligently failed to take necessary measures to prevent the destruction of the body '', and seemingly characterizes the negligence as positive, in alleging '' the acts of the defendant were negligent and willful, a gross outrage on the plaintiffs' rights and sensibilities and an unlawful violation of their right to the solace and comfort of a proper burial of the body of their father * * * and of their right to receive their father's body in a proper and suitable condition for burial.''

The general right of action for damages to those entitled to possession for sepulture of a human body, for the unauthorized or negligent mutilation of such body (excluding such mutilation as accompanies and is not separable from the violence causing death) is generally recognized. (25 C. J. S., Dead Bodies, pp. 1026 *et seq.* and cited cases of Georgia, North and South Carolina, California, Minnesota, Arkansas, Kentucky, Minnesota, Missouri and Iowa.)

Penal statutes carefully restrict dissection and proscribe unauthorized dissection (without excepting good motive as justification) (Penal Law, §§ 2213, 2214) and nonobservance renders the wrongdoers liable civilly in damages. (*Darcy* v. *Presbyterian Hospital,* 202 N. Y. 259.)

Deprivation of the right of possession and sepulture illustrated by burial at sea may constitute a cause of action. (*Finley* v. *Atlantic Transport Co.,* 220 N. Y. 249.)

The defendant here would be liable for any mutilation of the remains not incidental to the killing and avoidable by the exercise of due care on its part. Such mutilation would constitute an infringement on the legal right of the children to have the body for burial in the condition in which it was when life departed. Such right and resultant duty is definitely recognized

by our civilization resulting from our natural relations as human beings and the natural, as well as human, laws that we acknowledge. The common law did not regard dead bodies as property, but our courts have held them a quasi property, and the right to bury a corpse and preserve the remains is a legal right.

A bill of particulars may narrow the allegations of the complaint; the allocation of the progressive mutilation between that involved in and incidental to the killing, and that subsequent to death (which latter alone is to be considered here) may be clearly demonstrable or not; those questions are not before us.

The allegations of the pleading attacked are sufficient to permit the introduction of proof of facts sufficient (if the jury so determine) to constitute a cause of action.

The second objection, that the court has no jurisdiction of the cause asserted, is based on the defendant's view that the mutilation asserted is within the purview of the Workmen's Compensation Act as an exclusive remedy.

That act does not apply to or provide remedy for this cause of action. The employment terminated with death. The mutilation, if plaintiffs' allegations are assumed, occurred after such termination.

The court has jurisdiction of such cause of action as is here asserted.

The motion to dismiss is denied.