Melvin H. Osterman, J.
On January 18, 1958, Mrs. Rose Lott and Mrs. Mary Tumminelli, patients at Brooklyn State Hospital, died at about the same hour. Both bodies were taken to a shower room, washed and covered with shrouds and an attendant thereafter attached a tag to each body bearing the name of the deceased. Both families were notified and were asked to have their undertakers call for the bodies.
On January 19, 1958, the undertaker for the Lott family arrived at the hospital mortuary and was given the body tagged with the name of Rose Lott. On the same day, the undertaker for the Tumminelli family received the body tagged with the name of Mary Tumminelli.
The undertaker for the Lott family took the body to his funeral parlor and prepared it for an Orthodox Jewish burial in accordance with the family’s instructions. The body was placed on a “ Taharah ” board, washed in accordance with religious rites and prayers said over it. When the preparations were completed and the family permitted to view the body, it was discovered that the body was not that of Rose Lott.
Upon conveying this information to the Brooklyn State Hospital, the Lott family was told to communicate with the undertaker who had claimed the body of Mary Tumminelli. The Tumminellis’ undertaker, advised of a possible error, had the Tumminelli family view the body and they confirmed that it was not that of their mother. The hospital requested the undertakers to return the bodies and, in the presence of both families, proper identification was made and the bodies were exchanged.
The record discloses that the body of Rose Lott, while in the possession of the Tumminelli funeral director, had been embalmed, made up with cosmetics and had been placed in a coffin with a crucifix and rosary beads in her hands in accordance with the rites of the Roman Catholic faith. Mary Tumminelli’s body, in the belief that it was Mrs. Lott, had been prepared for burial according to the requirements of the Orthodox Jewish faith. As a result of the error, Mrs. Tumminelli’s funeral had to be postponed one day and her family and friends renotified.
The claimants testified as to the shock and anguish that they suffered as a result of the error.
The law is well settled that the surviving next of kin have a right to the immediate possession of a decedent’s body for preservation and burial and that damages will be awarded against any person who unlawfully interferes with that right or improperly deals with the decedent’s body. (Darcy v. Presbyterian Hosp., 202 N. Y. 259; Foley v. Phelps, 1 App. Div. 551; *298 Larson v. Chase, 47 Minn. 307; Ann. 17 A. L. R. 2d 770, et seq; see, also, Jackson Law of Cadavers [2d ed.], pp. 164-183.)
This rule of law has been applied to both physical mutilation of the bodies as in Grawunder v. Beth Israel Hosp. Assn. (242 App. Div. 56, affd. 266 N. Y. 605 [unauthorized autopsy]), in Hassard v. Lehane (143 App. Div. 424 [mishandling organs]), in Medical College v. Rushing (1 Ga. App. 468 [mutilation and dissection]), as well as in cases where there was no physical injury to the body, but only unlawful interference with the surviving kin’s right to the body( (Klumbach v. Silver Mount Cemetery Assn., 242 App. Div. 843; Gostkowski v. Roman Catholic Church, 262 N. Y. 320; Gatzow v. Buening, 106 Wis. 1; cf. Stahl v. William Necker, Inc., 184 App. Div. 85).
In decisions affecting this type of action, The courts are not primarily concerned with the extent of the physical mishandling or injury to the body per se, but rather how such improper handling or injury affects the feelings and emotions of the surviving kin. The rule was succinctly stated by the court in Sworski v. Simons (208 Minn. 201, 205): “ The cause of action is primarily for mental suffering caused by improper dealing with and not the injury to the dead body ’ ’.
Here, as a result of the error by the Brooklyn State Hospital, Mrs. Rose Lott’s body was physically mishandled by means of an unauthorized embalming and the application of cosmetics, both in direct violation of the religious beliefs of the deceased and her family; surviving members of the Lott family were forced to return the wrong body to the hospital mortuary, examine other bodies, identify the body of their mother and finally receive their mother’s body in a condition inconsistent with the burial procedures of their religion.
Similarly, as a result of such error, Mrs. Mary Tumminelli’s body was prepared for burial in accordance with the Orthodox Jewish faith, although she was a Roman Catholic. The surviving members of the Tumminelli family were required to return to the mortuary, examine other bodies, identify their mother’s body and make new arrangements for her funeral.
The temporary deprivation of the right to the bodies of Rose Lott and Mary Tumminelli for burial, the unauthorized embalming of the body of Rose Lott and the resultant mental suffering of the claimants as next of kin are wrongs for which the defendant is liable.
In view of the foregoing the court finds that the claimants Frank Lott and Sylvia Goldberg in Claim No. 35463 have been damaged in the sum of $1,000 and they shall have judgment against the State for that amount.
*299 The court finds that the claimants Michael Tnmminelli and Crosby Tnmminelli in Claim No. 35488 have been damaged in the sum of $1,000 and they shall have judgment against the Stale for that amount.