Dorothea E. Donaldson, J.
This is an action for damages for mental suffering which is alleged to have been inflicted on the claimants as a result of a reversal of identity which occurred between two patients at Pilgrim State Hospital.
The facts are not in dispute. On September 28, 1959, a patient known to the hospital authorities as Elizabeth Gambardella died. Steps were taken to inform Mrs. Gambardella’s family; they responded by authorizing the desired autopsy and requesting burial within the hospital cemetery. This was accomplished, the body apparently receiving the rites of the Roman Catholic Church with interment in grounds consecrated to such use for communicants of that faith. There is no indication in the record that any of the family viewed the remains. Nothing further occurred in this matter until April 16, 1961, when Rose Weingast, the sister of another patient at the hospital, received a telegram stating: “ Tillie Reifer critically ill advise immediate visit ’ ’. The message was signed by Hyman S. Barahal, M.D., the hospital’s Acting Director. The following day a brother, Isaac Weingast, and another sister, Nettie Alberger, who are the claimants herein, made arrangements to visit the hospital. They were conducted to the bedside of a woman under an oxygen tent whose features were obscured thereby. They were informed that the woman was their sister and had suffered a heart attack. The patient remained asleep throughout their visit of a half hour or so and they then departed, having no reason to question the identity of the patient before whom they had been taken. The following day a telephoned inquiry by Mrs. Alberger elicited the - opinion of the hospital staff that the patient’s condition was improved. Two weeks later four members of the family travelled by automobile to the hospital where they were directed to the woman, now no longer on oxygen therapy. All four visitors agreed the patient was not Tillie Reifer.
The four duly apprised the hospital authorities who thereupon established through investigation that Tillie Reifer had, in fact, died on September 28, 1959, had been buried under the name of Elizabeth Gambardella as heretofore described, and that the true Elizabeth Gambardella was continuing a masquerade that the two had begun for some unknown reason probably beginning at the time of an intrahospital transfer on or about July 9, 1959. On that date the two patients were *826 sent along with seven others from Building 12 to Building 14. In the investigation which the hospital made in April, 1961, attendants who had known both 'patients were examined and they positively identified the living woman as Mrs. G-ambardella.
The Attorney-G-eneral raised objections both as to timely filing of the claim and as to a nonjoinder of parties plaintiff. If the claim is deemed to have accrued as of the date of Mrs. Reifer’s death, the action is barred since the 90-day limitation period would have begun to run on September 28, 1959 and the notices of intent to file a claim were not filed until June 3, 1961. (Court of Claims Act, § 10, subd. 3.) At trial, the claimants urged that the improper identification and its consequences constituted continuing wrongs to the claimants until the events of April and May, 1961, brought home actual knowledge thereof. The court finds, however, that the gravamen of the action is the wrong done to the claimants ’ sensibilities and not that done to the deceased. No mental anguish, which is the wrong asserted (Finley v. Atlantic Transp. Co., 220 N. Y. 249), would be inflicted until the circumstances surrounding the burial were made known to the claimants. ‘' A cause of action for an injury to person * * * accrues at the time the injury occurs * * * It is unimportant when the force causing damage has been put in motion. Rather, the courts begin to measure from the time of impact”. (1 Weinstein-Korn-Miller, N. Y. Civ. Prac. [1963], par. 214.16.) Therefore, the Statute of Limitations began to run from this date, i.e., May 2, 1961, and the claims were thus timely filed.
The court also finds that, while a second .sister, Rose Weingast, had a possible cause of action against the State, she was a proper, not a necessary, party plaintiff. (CPLR 1001, 1002). Under the doctrine of Finley v. Atlantic Transp. Co. (supra) and Gostkowski v. Roman Catholic Church of the Sacred Hearts of Jesus and Mary (262 N. Y. 320), while surviving members of the deceased’s family may join in such an action their failure to do so is not a jurisdictional defect; multiple suits, however, being barred.
The court holds as a matter of law that the supervision exercised over these inmates whereby they were successfully able to exchange identities was faulty and that the State’s negligent conduct is thereby established. “ The law is well settled that the surviving next of kin have a right to the immediate possession of a decedent’s body for preservation and burial and that damages will be awarded against any person who unlawfully interferes with that right or improperly deals with the decedent’s *827 body.” (Lott v. State of New York, 32 Misc 2d 296, 297 and cases therein cited.)
The damages recoverable are those stemming from injury to the feelings of the relatives and their mental suffering resulting directly or approximately from the wrongful act of deprivation and may be recovered though no actual or pecuniary damages be proven. (3 Warren, Negligence in the New York Courts, p. 147 [2d ed., 1964].) In ascertaining .the damages sustained by the claimants, the court will be guided by the following circumstances, among others: 1. The body of the deceased up to and including the day of trial remains in the Roman Catholic section of the hospital’s cemetery although the court finds that it is, in fact, the remains of Tillie Reifer; 2. no attempt has been made to exhume the body and reinter the remains in the family burial plot or, perhaps more in keeping with the practices of the Jewish faith, determining the location of the remains of Mrs. Reifer’s husband which is now apparently unknown to any of the parties, and reburying the body therewith; 3. one claimant testified that he last saw the deceased in 1957 or 1958; the other testified that she last saw the deceased in 1957; there was, therefore, a period of at least two and one-third years during which time the deceased was, if not ignored, unvisited.
The court finds that the claimants have been damaged each in the amount of $600 and awards judgment against the State of New York therefor in the amount of $1,200.
The motions made by the defendant at the conclusion of the claimants’ case and renewed at the completion of the trial are denied.