John H. Farnham, J.
The defendants move this court for an order dismissing the plaintiffs’ amended complaint and granting summary judgment in favor of the defendants.
The action arises out of the death of the plaintiffs’ infant daughter who apparently drowned in the swimming pool of the defendant school on January 8, 1964.
The action seeks damages from the defendants for the plaintiff parents’ nervous shock, mental pain and emotional distress *330 as a result of alleged actions on the part of the defendants following the death of plaintiffs’ infant daughter.
Plaintiffs allege that the plaintiff, Nellie Gratton, when notified, came to the school and requested permission to see and take possession of her daughter’s body. It is alleged that she was refused this permission for some time thereafter. Apparently, the Onondaga County Coroner had been called by the school authorities and the body was being held for the Coroner’s examination, which subsequently resulted in an autopsy, although the plaintiffs allege that they expressly had refused permission that an autopsy be made. It has been conceded on the motion that no claim could be made in reference to the autopsy as against the defendants because said autopsy was performed by the County Medical Examiner in his own authority.
The reading of the affidavits possibly may be construed to indicate that the claim in the complaint based on the refusal to deliver the body of the deceased child to the parents also has been waived. Adopting the construction then placed on the pleadings by the defendants on this motion, the issue is whether the manner of calling the parents to the school was actionably wrong, whether the manner of advising the plaintiff mother was actionably wrong, whether the failure to take her to her deceased child immediately when she requested the same was actionably wrong. Even adopting the defendants’ sequence of events and the time involved in those events, the court is of the opinion that the motion must be denied.
Even assuming, for purposes of this motion only, that the plaintiff mother was deprived of the right to view her child for some three or four minutes, brief though the period of deprivation may have been, while the power to do so was in the hands of the school board authorities, in this court’s opinion, it still would be sufficient for a court to grant damages for such denial. The cause of action for emotional upsetness and disturbance certainly does exist in this State. (See Stahl v. Necker, 184 App. Div. 85; Lott v. State of New York, 32 Misc 2d 296.)
This latter case, cited in defendants’ memorandum of January 26, 1966, states the rule as follows, at page 297: ‘ ‘ The law is well settled that the surviving next of kin have a right to the immediate possession of a decedent’s body for preservation and burial and that damages will be awarded against any person who unlawfully interferes with that right ” (citing cases therein in point).
The motion is denied.