Leonard Leigh Finz, J.
The sole question before this court is whether or not the complaint sets forth a cause of action for mental anguish. The facts are rather unique and follow in brief narrative.
Plaintiffs are the next of kin of the decedent, who was a registered guest at defendants’ hotel. It appears that on September 16, 1962, the decedent died in his room of said defendant hotel from natural causes. One of the plaintiffs, the widow of the decedent, kept telephoning the hotel on the 16th and 17th of September and had asked them to check on the decedent’s room, but this they apparently failed to do. His death, however, was not discovered until four days later. In the interim, the decedent’s body became decayed and decomposed. Upon discovery, the next of kin were notified and directed to make identification of the remains. By reason of the decomposition, proper embalmment and certain funeral ceremonial events could not take place.
The plaintiffs urge that the defendants were under a duty as innkeepers to make reasonable and timely inspections of their subject rooms; that, if the defendants had fulfilled their reasonable obligations as innkeepers, discovery of the decedent’s body would have been made in sufficient time following his demise so that proper arrangements could have been made for burial, thereby avoiding the mental upheavals and anguish which plaintiffs claim they suffered incident thereto.
The defendants urge that there is “no cause of action in law or equity which has arisen from those allegations ”. It is the further contention of the defendants that while the law recognizes a cause of action for the mutilation of a dead body, the cases addressed to the subject concern themselves with affirmative acts as they relate to the ‘ ‘ mutilation ” of a body as in the case of an autopsy, dissection, removal from one grave to another, et cetera. Defendants urge further that the complainants’ suit fails also by reason of the lack of knowledgeable control of the dead body.
Since there appears to be no case law specifically addressed to the instant question, the court must apply principles of common law and common sense toward the determination of the issue before it.
Under old common law, the living had a right to the remains of their deceased kin, within a reasonable time following death, for the purpose of providing proper burial. This right, characterized under common law as the right of sepulcher, if denied, even carried criminal punishment to the infractors. Although *347 common law did not regard dead bodies as property, our courts, through the centuries, have treated them in a quasi-property context. As such, the right to burial and the preservation of the remains have been regarded as a legal right. Deprivation of this right of possession and of the common law right of sepulcher, as we regard it today (notwithstanding the passage of many hundreds of years) has been held to constitute an actiontionable cause. (Finley v. Atlantic Transp. Co., 220 N. Y. 249.) As stated in Diebler v. American Radiator & Std. Sanitary Corp. (196 Misc. 618, 619-620) “ Such right and resultant duty is definitely recognized by our civilization resulting from our natural relations as human beings and the natural, as well as human, laws that we acknowledge.” (See, also, Restatement Torts, § 868.)
In the same context as that stated above, it has been held that the surviving kin have the absolute right to immediate possession of the decedent’s remains so as to preserve it for proper burial. The withholding of said remains by anyone, for even a very short period of time, constitutes an actionable cause. (Gratton v. Baldwinsville Academy, 49 Misc 2d 329; see, also, Klumback v. Silver Mount Cemetery Assn., 242 App. Div. 843.)
The legislative codification of a portion of the common law addressed to the instant subject can be found under subdivision 1 of section 4200 of the Public Health Law which, in substance, directs that every body of a deceased person within the State shall be decently buried or cremated within a reasonable time after the death. In fact, the duty of said burial or cremation may even fall upon one not related to the deceased.
The Court of Appeals of the State of New York, in addressing itself to a related question, has held that one in whose house the death of a stranger occurs cannot, with impunity, expose the body in such a manner as to offend the feelings of the surviving spouse or next of kin of the decedent. (Finley v. Atlantic Transp. Co., supra; see, also, Matter of Kraemer, 183 Misc. 101.)
As can be seen, therefore, under almost every culture, civilized and otherwise, the dead must be treated by decent burial in the hands of the living. In the matter before this court, there is no question but that the decomposed remains of the decedent, under the circumstances of its discovery, would have had a traumatic and emotional impact upon the wife and daughters of the deceased, who are the plaintiffs in this action. If, in fact, the defendants, who may be charged with a certain degree of responsibility over its tenant-charges, had actual knowledge that one of their tenant-guests had died in one of their rooms, would they *348 not be charged with the responsibility of bringing immediately that sad news to the proper parties? If, in fact, the decedent’s lifeless body lay in that hotel for the living, and that fact were known to the defendants, would not their failure to act subject them to the damages suffered by the concerned living?
It would appear to this court that the sole question is whether or not the defendants knew of the death of the decedent, or should have known by reason of normal and reasonable inquiry that one innkeeper should make as it concerns the well-being of its guests.
In this context, a room in an inn is not in the legal sense the dwelling house of the guest, and the relation is not that of landlord and tenant, for, notwithstanding the guest’s occupancy, it is the house of the innkeeper. The right of a guest to the use and possession of the room assigned is subject to such emergent and occasional entries as the innkeeper and his servants and agents may find necessary to make in the reasonable discharge of their duties. Of course, the guest is entitled to exclusive and peaceful possession of the room assigned, subject only to such intrusions by the landlord and his servants as may be necsary in the regular and orderly conduct of the inn or under some commanding emergency, and the landlord is bound to an observance of the proprieties as to the time and manner of entering the guest room. (De Wolf v. Ford, 193 N. Y. 397.)
It may very well be that under the legal relationship that existed between the defendants and the decedent, there was no obligation of any kind to visit the guest rooms for any purpose. This, the court submits, is an issue which should be presented to the trier of the facts. If, in fact, there was no such obligation, the defendants ’ position would bear strength and the degree of success in defending the action would be correlatively enhanced. Contrariwise, if the circumstances of the relationship between the decedent and the defendant hotel were such as would suggest that a reasonable defendant under the same or similar circumstances would have or should have known of the existence of the decedent’s remains, then the degree of success to plaintiffs’ cause would similarly be improved.
The court, in the atmosphere of this case, therefore, finds that the complaint does set forth a cause of action, in which event the complaint is not dismissable as a matter of law.