Per Curiam.

This is an action by plaintiff to recover damages for psychic injury occasioned by the negligence of the defendant, City of New York, in failing to notify the plaintiff of her husband’s death for a period .of approximately one week after his demise. The facts delineated in the first paragraph of the dissent are fairly stated. There is no dispute that the deceased *389 was taken via ambulance to the emergency room at Fordham Hospital and there pronounced “ dead on arrival.” The procedure to be observed by that hospital in such cases is as follows: After a doctor has declared that an individual was ‘ ‘ DOA ’ ’, a nurse and another witness, usually a New York City police officer, check the decedent’s property. If no police officer is present, a hospital regulation requires that the Police Department be notified of the death. The decedent’s property is itemized by the nurse and put in a brown envelope in the presence of the witness and if the decedent’s name is known, it is also noted on the envelope. If no police officer was present prior to this search, >a police officer would be called and if one was not available, a security officer of the hospital would be required to act as witness. In the latter contingency, the New York City Police Department would be notified by the hospital of the death as delineated above.
The officer present at the search, Walter Schwank, was a patrolman of the New York City Transit Authority Police Force and not an officer of the New York City Police Department. He accompanied the ambulance bearing decedent to the hospital and, as no New York City police officer was present, witnessed the search of decedent’s body by the nurse, a Ms. Sutton. It must be noted that the ambulance slip for the subject “call” clearly indicates that the responding officer, Schwank, was a member of the “ T.A. ” or Transit Authority Police Force. Patrolman Schwank, as Nurse Sutton engaged in the process of searching the decedent, enumerated in his log the items of personal property thereby disclosed. He did this in her presence and, in discharge of his office, gathered other pertinent information relating to the deceased including the name of the nurse. He was in uniform, which uniform contains a designation patch alerting observers to the fact that he was a Transit Authority Policeman.
"‘ The law is well settled that the surviving next of kin have a right to the immediate possession of the decedent’s body for preservation and burial and that damages will be awarded against any person who unlawfully interferes with that right or improperly deals with the decedent’s body. (Darcy v. Presbyterian Hosp., 202 N. Y. 259; Foley v. Phelps, 1 App. Div. 551; Larson v. Chase, 47 Minn. 307; Ann. 17 ALR. 2d 770 et seq; see, also, Jackson Law of Cadavers [2d ed.], pp. 164-183).” (Lott v. State of New York, 32 Misc 2d 296, 297-298; see Weingast v. State of New York, 44 Misc 2d 824; Public Health Law, § 4200.) The afore-mentioned hospital regulation relating to *390 notification of the New York City Police Department and the circumstances pertinent to the lack of such notification must be viewed in light of the right of the next of kin to the immediate possession of the decedent’s body. It is initially noted that the charge delivered by the court below did not permit the jury to find liability against the defendant on the ground that the New York City Police Department had negligently failed to locate the body of plaintiff’s husband.
The decedent, “ d o a ” at Fordham Hosptal on August 31, 1967, was identified as one Joseph Finn by virtue of the search of his personal effects conducted by Nurse Sutton which occurred at such time. This is not a ‘ ‘ John Doe ’ ’ type situation. Accordingly, the jury was presented with the question of whether the defendant was negligent in failing to notify the plaintiff of her husband’s death, and whether, because of such negligence, the body of her deceased husband was wrongfully withheld from her. The defendant’s argument that it owed no duty to plaintiff to notify her of the death of her husband is without merit in view of the legal authority cited above (see, also, Torres v. State of New York, 34 Misc 2d 488). Fordham Hospital, the city hospital wherein the identity of the decedent was ascertained, had adopted a standard of care reasonably calculated to insure effective observation of the duty owed by defendant to notify the decedent’s next of kin. This standard of care, embodied in the aforesaid regulation and its implementing procedure, required notification to the New York City Police Department. This standard of care was not observed. The dissent regards this nonobservance as excusable as a matter of law and, in .any event, as not being the proximate cause of the plaintiff’s injury. It may be observed that the plaintiff probably would have been promptly notified had the Transit Authority forwarded the aided card, filled out by transit officer Schwahk, to the New York City Police Department. However, the plaintiff might similarly have been expeditiously notified had Fordham Hospital reported the death to the New York City Police Department. It is well recognized that there may be more than one proximate cause of an accident and that where two parties by .their separate and independent acts of negligence furnish direct causes, of a single injury to another person, and it is not possible to determine in what proportion each contributed to the injury, either is responsible for the whole injury (1 Warren’s New York Negligence, § 5.09). The critical fact is that Fordham Hospital through its employee, Nurse Sutton, failed to observe its own regulation which required *391 that a report of death in a “ DOA ” case be made ,to the New York City Police Department where no New York City police officer was .present. Proximate cause is always dependent upon the facts of a particular case. However, in defining proximate cause it may generally be said that an act or omission is the proximate cause of an injury if it was a substantial factor in bringing about tl, injmy, that is, if it had such an effect in producing the injury that reasonable men would regard it as the cause of the injury. On this record, it may not be concluded as a matter of law that the omission occasioned by Pordham Hospital’s failure to notify the New York City Police Department of the death of plaintiff’s husband was not a proximate cause of plaintiff’s injury.
Under the circumstances herein, a question of negligence was presented for the jury as to whether Pordham Hospital should have directly notified the New York City Police Department. Implicit in this factual question are the issues of whether there was a prudent exercise of discretion for the hospital’s nurse .to assume that notification to a Transit Authority patrolman fulfilled the hospital’s regulation requiring notification to the New York City Police Department and whether the nurse, assuming she believed the patrolman present to be a New York City police officer, was negligent in failing to perceive that he was a Transit Authority patrolman. Since there was sufficient evidence in the record to support the jury’s verdict on .the issue of liability as it relates to the aforesaid, the jury’s determination may not be disturbed.
However, the amount of the award, giving full consideration to all relevant factors, must be deemed excessive.
The judgment should be reversed and new trial ordered, limited to the issue of damages, Avithout costs, unless respondent within 10 days after service of a copy of the order entered hereon, with notice of entry, stipulates to reduce the recovery to $3,000, in which event judgment modified accordingly, and, as modified, affirmed Avithout costs.