OPINION OF THE COURT
Seymour Friedman, J.
The facts in this case are not in dispute.
On or about January 28, 1978, the plaintiff brought her 15-year-old poodle into the defendant’s premises for treatment. After examining the dog, the defendant recommended euthenasia and shortly thereafter the dog was put to death. The plaintiff and the defendant agreed that the dog’s body would be turned over to Bide-A-Wee, an organization that would arrange a funeral for the dog. The plaintiff alleged that the defendant wrongfully disposed of her dog, failed to turn over the remains of the dog to the plaintiff for the funeral. The plaintiff had arranged for an elaborate funeral for the dog including a head stone, an epitaph, and attendance by plaintiff’s two sisters and a friend. A casket was delivered to the *531 funeral which, upon opening the casket, instead of the dog’s body, the plaintiff found the body of a dead cat. The plaintiff described during the nonjury trial, her mental distress and anguish, in detail, and indicated that she still feels distress and anguish. The plaintiff sustained no special damages.
The question before the court now is twofold. (1) Is it an actionable tort that was committed? (2) If there is an actionable tort is the plaintiff entitled to damages beyond the market value of the dog?
Before answering these questions the court must first decide whether a pet such as a dog is only an item of personal property as prior cases have held (Smith v Palace Transp. Co., 142 Misc 93). This court now overrules prior precedent and holds that a pet is not just a thing but occupies a special place somewhere in between a person and a piece of personal property.
As in the case where a human body is withheld (Zaslowsky v Nassau County Public Gen. Hosp., 27 Misc 2d 379; Diebler v American Radiator & Std. Sanitary Corp., 196 Misc 618), the wrongfully withholding or, as here, the destruction of the dog’s body gives rise to an actionable tort.
In ruling that a pet such as a dog is not just a thing I believe the plaintiff is entitled to damages beyond the market value of the dog. A pet is not an inanimate thing that just receives affection; it also returns it. I find that plaintiff Ms. Corso did suffer shock, mental anguish and despondency due to the wrongful destruction and loss of the dog’s body.
She had an elaborate funeral scheduled and planned to visit the grave in the years to come. She was deprived of this right.
This decision is not to be construed to include an award for the loss of a family heirloom which would also cause great mental anguish. An heirloom while it might be the source of good feelings is merely an inanimate object and is not capable of returning love and affection. It does not respond to human stimulation; it has no brain capable of displaying emotion which in turn causes a human response. Losing the right to memoralize a pet rock, or a pet tree or losing a family picture album is not actionable. But a dog — that is something else. To say it is a piece of personal property and no more is a repudiation of our humaneness. This I cannot accept.
Accordingly, the court finds the sum of $700 to be reasonable compensation for the loss suffered by the plaintiff.