■ PEDRO QUIROZ et al., Appellants, v JOANNE LATULIP et al., Individually and as Employees of the Oswego County Department of Social Services, et al., Respondents.—Order unanimously affirmed without costs. Memorandum: Plaintiffs, relatives of Domingo Quiroz, who died without funds while a resident of Oswego County, brought this action for mental

anguish caused by the failure of the Oswego County Department of Social Services to contribute funds for transportation of the body to Mexico for burial, resulting in the delay of decedent's burial. Special Term properly dismissed the complaint for failure to state a cause of action. At common law, relatives of a decedent have a cause of action for mental anguish against anyone interfering with their right to obtain immediate possession of the body for burial (see, Lott v State of New York, 32 Misc 2d 296, 297-298, and cases cited therein). Here, however, the Department of Social Services did not interfere with that right.

Plaintiffs, for their cause of action, also rely upon Social Services Law § 141 (1) (b), which obligates public welfare districts to provide for the burial of bodies of deceased indigents. Whether a statute creates a cause of action for a particular class of persons depends upon the intention of the Legislature (see, Trimarco v Klein, 56 NY2d 98, 108). We find nothing in the statute evincing a legislative intent to create a cause of action on behalf of relatives of the deceased persons for mental anguish for failure to provide a prompt burial. Moreover, we do not interpret the statute as requiring public welfare districts to provide for transportation for burials at locations distant from the district. (Appeal from order of Supreme Court, Oswego County, Miller, J.—dismiss complaint.) Present—Callahan, J. P., Doerr, Boomer, Green and Pine, JJ.