OPINION OF THE COURT
Carmen R. Parenti, J.
On the late evening of February 27, 1990, or early morning of the following day, the mobile home in which the plaintiff, Gary Rotondo, his girlfriend, Vicky Evans, and their child, John Michael Evans, lived was destroyed by a fire. All three parties were present at the time, and it is assumed that the fire caused the death of Vicky Evans and John Michael Evans. The plaintiff, Gary Rotondo, survived, after leaving the premises in an effort to report the fire and obtain assistance. He returned to the mobile home to assist the other two occupants but was unable to save them. Sometime during the subsequent search for the bodies, firemen and/or police officials at the scene were advised by Gary Rotondo and his father, Paul Rotondo, that the parties had a pet rabbit, which was present at the time the fire broke out.
At approximately 6:00 a.m. on the morning of February 28, 1990, the Wayne County Coroner, Dr. C. Dupha Reeves, was apparently contacted by the police officials present at the scene and advised that the bodies (remains) had been found. Although Dr. Reeves communicated with the police personnel, he did not travel to the site of the fire but directed a local funeral home employee to deliver the remains to the Newark-Wayne Community Hospital for purposes of identification. On viewing the charred remains, he identified them as Vicky Evans and her child, John Michael Evans. It became apparent later on that the Coroner mistakenly identified the remains of the pet rabbit as those of the child, John Michael Evans.
Sometime later that morning of February 28, 1990, the *771 Coroner communicated the identification and his findings as to the cause of death, accidental death due to carbon monoxide asphyxiation, to police personnel who remained at the scene. Upon receipt of the information, the police and fire personnel discontinued any further investigation or search for the bodies.
The plaintiffs, Paul Rotondo and Harry Evans, while in the company of his wife Susan, conversed by phone with the Coroner sometime later on February 28, 1990 (in separate conversations) and were advised of the identification that was made. The plaintiff, Gary Rotondo, communicated personally with Dr. Reeves while receiving treatment at Newark-Wayne Community Hospital on February 28, 1990, and was also advised of the identification made by the Coroner. It should be noted that Harry and Susan Evans are the maternal grandparents of the child, John Michael Evans, and Paul Rotondo is the paternal grandfather.
On or about April 3, 1990, the plaintiff, Gary Rotondo, was looking through the debris of the premises where the fire had occurred and came upon the remains of his son, John Michael Evans. These remains were mangled and disembowled by animals. Gary Rotondo then contacted his father, Paul Rotondo, who came to the scene of the fire and made the same observations.
The plaintiffs have instituted this action against the Coroner and the County of Wayne seeking to recover damages for alleged emotional distress and mental anguish. The theories of liability set forth in the complaint, although less than clear, are grounded in negligence and interference with the right of possession of the body of the child for preservation and burial.
The defendants have moved for an order dismissing the plaintiffs’ complaint pursuant to CPLR 3211 for failure to state a cause of action. The plaintiffs not only seek to have the court deny defendants’ motion but in addition seek affirmative relief in the nature of a right to amend their complaint. The somewhat unusual request is made by the plaintiffs Gary and Paul Rotondo that, in the event the court dismisses the current complaint, they be permitted to amend the complaint to assert a cause of action consistent with the court’s decision.
On a motion to dismiss a complaint because of failure to state a cause of action, the court is required to accept the facts as stated by the plaintiff in a manner most favorable to the plaintiffs. At this point in the proceeding, the concern of the *772 trial court is only to determine whether or not a cause of action has been set forth (Schuster v City of New York, 5 NY2d 75).
The applicable provisions of the County Law governing the duties and responsibilities of a Coroner are set forth at article 17-A. Section 674 (1) of the County Law states "When a coroner or medical examiner is informed of the occurrence of a death within his jurisdiction as defined in section [673], he shall go at once to the place where the body is and take charge of it.” Subdivision (2) of this same section requires the Coroner to fully investigate the essential facts concerning the death and to reduce to writing the names and addresses of witnesses. Section 673 of the County Law lists the types of situations where the Coroner is authorized to investigate death which includes, among other things, "a violent death, whether by criminal violence, suicide or casualty”. Section 671 of the County Law sets forth the general duties of the Coroner which include making any inquiry into unnatural deaths within the county as required by law.
It is the position of the plaintiffs that the Coroner’s failure to comply with section 674 of the County Law and the additional acts of misidentification of the remains of the child constitute intentional and negligent conduct resulting in emotional stress and mental anguish. The plaintiffs also seek damages for these alleged emotional injuries resulting from the interference by the defendants to the plaintiffs’ right to the immediate possession of the child’s body for preservation and burial.
Initially, this court will consider the second cause of action set forth in the complaint which states: "By reason of the outrageous, wrongful and wilfull acts attributable to the defendants, the plaintiffs were prevented from obtaining immediate possession of the remains of John Michael Evans, and from interring the remains for a period of approximately thirty-four days; the plaintiffs were also prevented from protecting the body of John Michael Evans against mutilation and indignities pending burial; all of which plaintiffs were entitled to under law.”
It seems clear from the cases cited in plaintiffs’ brief that the plaintiff, Gary Rotondo, the father of the child, John Michael Evans, had a right to the possession of the child’s body, to preserve it and to arrange for burial. As the nearest surviving next of kin to the decedent, he is entitled to main *773 tain this action to recover damages for the emotional distress and mental anguish that occurred (see, Darcy v Presbyterian Hosp., 202 NY 259 [1911]; Weingast v State of New York, 44 Misc 2d 824 [1964]; Gratton v Baldwinsville Academy, 49 Misc 2d 329 [1966]; Cercelli v Wein, 60 Misc 2d 345 [1969]; Estate of Finn v City of New York, 76 Misc 2d 388 [1973]; Johnson v State of New York, 37 NY2d 378 [1975]).
It is also the law in New York State that each member of the family is not permitted to institute a separate action for alleged damages because of interference with the body. Once the father exercises his right to proceed on this basis, then all other surviving next of kin are restricted from proceeding with multiple lawsuits. As stated in Gostkowski v Roman Catholic Church (262 NY 320, 325): "it is inconceivable that each member of the family could maintain a separate action to recover for mental pain and anguish. In the multitude of such actions there is injustice.”
The plaintiffs, Paul Rotondo, Harry Evans and Susan Evans, therefore have no right to proceed under the theory set forth in the second cause of action and the defendants’ motion to dismiss for failure to state a cause of action is granted as to them.
As to the first cause of action of the complaint, the plaintiffs, Gary Rotondo, Paul Rotondo, Harry Evans and Susan Evans, have set forth allegations of negligence and intentional acts by Dr. Reeves and the County of Wayne. A right of action for the negligent or intentional infliction of emotional harm is permitted in New York State under certain circumstances. It is not limited, as suggested by defendants, to the situation in Bovsun v Sanperi (61 NY2d 219 [1984]). This is not the "zone of danger” situation referred to in the Bovsun case, but one which is more in the nature of those set forth in the cases of Battalla v State of New York (10 NY2d 237); Johnson v State of New York (37 NY2d 378, supra) and Johnson v Jamaica Hosp. (95 AD2d 598).
The three cases referred to above all involve situations where our courts have permitted recovery for emotional injury or harm notwithstanding the absence of any actual physical injury or pecuniary loss. The instant matter is not so unlike these cases as to justify a finding, at this stage of the proceedings, that the plaintiffs have not stated a cause of action. Unlike the second cause of action which is limited to the father, Gary Rotondo, the first cause of action has no such *774 restriction imposed by the applicable case law as to the parties entitled to bring such an action.
From a reading of those statutes governing the duties and responsibilities of a Coroner, this court concludes that their purpose is to protect the public generally and not individual members or a particular class of individuals. It, therefore, becomes incumbent upon the plaintiffs to establish that a special duty was owed them by the municipality and Coroner or to establish that the acts of the Coroner as set forth in the aforesaid statutes were ministerial rather than discretionary in nature.
This court is satisfied that the plaintiffs have demonstrated the existence of a special duty or relationship as defined in the Court of Appeals decision in Cuffy v City of New York (69 NY2d 255 [1987]). The four elements necessary to establish this special duty or relationship are as follows: 1) an assumption by the municipality through promises or actions, of an affirmative duty to act on behalf of the party who was injured; 2) knowledge on the part of the municipality’s agents that an action could lead to harm; 3) direct contact between the municipality’s agents and the injured party; and, 4) the parties’ justifiable reliance on the municipality’s affirmative undertaking.
The factual situation in this case leads this court to conclude that the requirements of Cuffy (supra) have been satisfied as a result of the Coroner’s failure to carry out his statutory duty in failing to respond to the fire scene, his subsequent misidentification of the remains, and his communication of that misinformation to the plaintiffs.
I am also satisfied that the statutory responsibilities of the Coroner were of a hybrid nature, some of which required the exercise of discretion, with others requiring merely a ministerial act. A municipality or its agent is, of course, immune from liability for acts that are discretionary but accountable for negligence arising from nondiscretionary or ministerial acts.
The Court of Appeals decision of Haddock v City of New York (75 NY2d 478, 484 [1990]) sets forth the test to be applied as follows: "[I]t is clear that 'discretionary or quasi-judicial acts involve the exercise of reasoned judgment which could typically produce different acceptable results whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result’ ”.
*775 County Law § 674 requires a Medical Examiner or Coroner to go to the place where the body is and take charge of it when a death occurs. The Coroner must also investigate fully the facts relative to the death and before leaving the premises reduce to writing the names and addresses of the witnesses to the event.
These statutory directives are obviously ministerial in nature and are required to be performed pursuant to the terms of the statute. The Coroner’s decision not to travel to the scene of the fire cannot be considered a discretionary act but rather a violation of a mandated ministerial responsibility.
It is, therefore, the decision of this court that the defendant Coroner and municipality are not immune from liability, both for the reason that a special duty did exist to the plaintiffs and the statutory provisions governing the duties and responsibilities of the Coroner require, at least in part, ministerial rather than discretionary acts of the Coroner.
The defendants’ motion to dismiss is, therefore, denied with respect to the first cause of action and is granted with respect to the plaintiffs, Paul Rotondo, Harry Evans and Susan Evans, as to the second cause of action in the complaint.