OPINION OF THE COURT
Herbert Kramer, J.
In this action by plaintiffs to recover damages for mental anguish resulting from the alleged negligent conduct of defendant Maimonides Medical Center, also known as Maimonides Hospital, in losing the body of their stillborn infant, plaintiffs move for leave to reargue defendant’s motion for summary judgment dismissing the complaint and their cross motion for partial summary judgment on the issue of liability. In the event that such leave is granted, plaintiffs seek an order vacating and setting aside this court’s decision and order of December 14, 1994, which granted said motion by defendant and denied said cross motion by them. Upon such vacatur, plaintiffs seek an order granting said cross motion and denying said motion.
The background of this matter is as follows: During a routine visit by plaintiff Frances Correa, also known as Frances Nieves (plaintiff), to defendant hospital, the hospital staff could not detect her unborn child’s heartbeat. A sonogram was conducted, which confirmed that her unborn child had died. Thereafter, labor was induced during plaintiff’s eighth month of pregnancy; the child was stillborn. At the time of *616 delivery, plaintiff signed an authorization permitting defendant to perform an autopsy in order to determine the reason for the child’s stillbirth. Plaintiff and her husband, Louis Correa (the other plaintiff herein), allege that they immediately asked that their child’s remains be returned to them following the completion of the autopsy in order for them to have a funeral for her and to bury her. Defendant, however, never returned the remains and did not advise plaintiffs as to the disposition or location of the remains.
Consequently, plaintiffs instituted this action seeking damages for their mental anguish. By memorandum decision dated December 14, 1994, this court granted a motion by defendant for summary judgment dismissing the complaint, and denied a cross motion by plaintiffs for partial summary judgment on the issue of liability. On January 12, 1995 (the same day that plaintiffs brought their instant motion for reargument), the clerk of the court entered a judgment dismissing plaintiffs’ complaint. Plaintiffs now seek leave to reargue said motion and cross motion, and an order vacating the January 12, 1995 judgment.
The court notes that a motion for reargument is addressed to the sound discretion of the court (Rodney v New York Pyrotechnic Prods. Co., 112 AD2d 410, 411). Defendant’s contention that CPLR 5015 (a) limits the grounds upon which a judgment may be vacated and that this court is, therefore, precluded by the entry of the January 12, 1995 judgment from addressing plaintiffs’ motion is devoid of merit. The power of a court to exercise control over and open its own judgments is not limited by the CPLR 5015 (a) list (Lane v Donnelly, 184 AD2d 840, 841; McMahon v City of New York, 105 AD2d 101, 105-106). The court possesses inherent discretionary power to vacate its judgments and orders for sufficient reasons and in the interests of justice (Lane v Donnelly, supra, at 840; McMahon v City of New York, supra, at 105-106; Siegel, NY Prac § 426, at 650 [2d ed]; 5 Weinstein-Korn-Miller, NY Civ Prac fl 5015.01).
In the case at bar, the interests of justice require vacatur of the January 12, 1995 judgment. Thus, the court grants reargument and, upon reargument, the court’s decision of December 14, 1994 and judgment of January 12, 1995 is recalled and vacated, and the following decision is substituted therefor.
In addressing defendant’s motion for summary judgment and plaintiffs’ cross motion for partial summary judgment, the *617 court notes that "[although common law did not regard dead bodies as property, our courts, through the centuries, have treated them in a quasi-property context” (Cercelli v Wein, 60 Misc 2d 345, 346-347; see also, Lubin v Sydenham Hosp., 181 Misc 870, 871). The right to the remains of one’s deceased kin for the purpose of providing proper burial has long been recognized as a legal right (see, Darcy v Presbyterian Hosp., 202 NY 259, 262; Cercelli v Wein, supra, at 347; Gratton v Baldwinsville Academy, 49 Misc 2d 329, 330; Lubin v Sydenham Hosp., supra, at 871; Stahl v Necker, Inc., 184 App Div 85, 90-91; 18 NY Jur 2d, Cemeteries and Dead Bodies, § 86).
"The law is well settled that the surviving next of kin have a right to the immediate possession of a decedent’s body for preservation and burial and that damages will be awarded against any person who unlawfully interferes with that right or improperly deals with the decedent’s body” (Lott v State of New York, 32 Misc 2d 296, 297; see also, Darcy v Presbyterian Hosp., supra, at 262; Estate of Finn v City of New York, 76 Misc 2d 388, 389; Weingast v State of New York, 44 Misc 2d 824, 826-827). This right, characterized as the right of sepulcher under common law, continues to be recognized by the courts notwithstanding the passage of many hundreds of years (Finley v Atlantic Transp. Co., 220 NY 249, 258; Cercelli v Wein, supra, at 347).
Defendant does not dispute the existence of the right of surviving relatives to possession of their deceased kin’s remains for the purpose of providing proper burial. Rather, they argue that such right is only applicable with respect to the remains of persons who were once alive and that a stillborn child was never alive.
The right of the next-of-kin to possession of the body of a deceased person for the purpose of proper burial, however, was applied to the remains of a stillborn child in Klumbach v Silver Mount Cemetery Assn. (242 App Div 843, affd 268 NY 525). That case permitted recovery for mental anguish and sorrow sustained due to the loss of the body of a stillborn child entrusted to the defendant therein for burial. Additionally, it was held in Lubin v Sydenham Hosp. (supra) that damages were recoverable against a defendant hospital which refused to deliver to the plaintiff mother the body of her child, who had been born dead in a calcified condition, also known as a "stone baby” (see also, 3 Warren’s New York Negligence, Dead Bodies, § 7.02 [2] [c]).
*618 Defendant contends that due to the enactment of Public Health Law § 4200 (1), the common-law right of the next-of-kin to possess and bury the body of a relative is now limited and is applicable only to the bodies of persons born alive and not to the bodies of stillborn children. This section provides that "every body of a deceased person, within this state, shall be decently buried or incinerated within a reasonable time after death.” Defendant argues that since this section refers only to a "deceased person”, the intent of such section must have been to abrogate the common-law right of sepulcher with respect to stillborn children. No such intention, however, is expressed in or can reasonably be inferred from this statute. Public Health Law § 4200 (1) merely requires decent burials or cremations within a reasonable time for deceased persons. It does not circumvent or abrogate any rights or causes of action which have existed under the common law for hundreds of years. Klumbach and Lubin (supra) have never been overturned and have continued to be cited subsequent to the enactment of this provision and various other provisions of the Public Health Law dealing with dead bodies and fetal remains.
Additionally, it is noted that other sections of the Public Health Law evince a legislative intent to treat a stillborn child similarly to a child born alive. Subdivision (2) of Public Health Law § 4160 requires registration of a fetal death and subdivision (3) of that section states that "a fetal death shall be considered as a birth and as a death”. Public Health Law § 4162 requires a permit for the "removal, transportation, burial or other disposition of remains resulting from a fetal death”, and Public Health Law § 4300 (which relates to anatomical gifts) defines a "decedent” as "a deceased individual of any age * * * including] a stillborn infant or fetus.”
Thus, the court finds that the same right to possession of remains for the purpose of burial exists with respect to the remains of a stillborn child as exists with respect to the remains of a child born alive, and defendant’s motion for summary judgment dismissing the complaint must, consequently, be denied.
In turning to plaintiffs’ cross motion for partial summary judgment on the issue of liability, the court notes that defendant does not dispute that plaintiffs’ stillborn infant’s body was not returned to plaintiffs. Plaintiffs have submitted affidavits and deposition testimony stating that they advised the attending physician, Dr. Ducey, that they wanted their still *619 born child’s remains returned to them after completion of the autopsy. In response, defendant has failed to submit any affidavit by Dr. Ducey or anyone else with personal knowledge of the facts stating that plaintiffs did not ask for the return of such remains. Defendant contends, however, that because plaintiff signed a form consenting to a postmortem examination (autopsy), this creates a question of fact as to whether plaintiffs demanded from defendant the return of their child’s remains, thereby precluding partial summary judgment on the issue of liability.
Defendant’s contention is without merit. The printed form granted permission to defendant’s pathologist to perform "a complete post-mortem examination (autopsy), including the head” on plaintiffs’ "baby girl”, and stated that "[permission [was] granted for the removal and retention of tissues or other specimens.” It stated that "[t]he authority [was] granted subject to the following restrictions: none.” The form, however, did not authorize defendant to dispose of the infant in any manner it deemed advisable nor did it state that plaintiffs relinquished any claims on the body of said infant.
Additionally, the form was not signed by the plaintiff father. While plaintiff did sign the form consenting to an autopsy, such consent was for the purpose of ascertaining the cause of death of her stillborn infant, and such consent cannot reasonably be construed or extended to authorize the retention of the infant’s entire body (see, Hendriksen v Roosevelt Hosp., 297 F Supp 1142, 1144). "The authority to perform an autopsy derives solely from statute” and "[n]othing in the statute grants so broad an authority” (supra; see also, Bambrick v Booth Mem. Med. Ctr., 190 AD2d 646, 647; Public Health Law § 4210 [3]). Defendant was thus obligated to return to plaintiffs the balance of the remains and tissues which were not required for autopsy purposes. Since defendant failed to do so, plaintiffs seek to recover damages for their emotional distress.
Recovery for emotional distress without accompanying physical injury is permitted in cases where such emotional harm occurs as the result of the negligent mishandling of the corpse of a close relative (see, Johnson v State of New York, 37 NY2d 378, 382). Such recovery is allowed in these cases since there exists "an especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serves as a guarantee that the claim is not spurious” (Prosser and Keeton, Torts § 54, at 362 [5th ed]; see also, Johnson v State of New York, supra, at 382). Here, plaintiffs’ mental *620 distress resulting from the loss of their stillborn child’s body is undoubtedly real and serious, and, thus, a "guarantee of genuineness” exists sufficient to permit recovery (Ferrara v Galluchio, 5 NY2d 16, 21; see also, Battala v State of New York, 10 NY2d 237, 242). Therefore, an order granting partial summary judgment in favor of plaintiffs on the issue of liability is warranted.
Accordingly, plaintiffs’ motion for leave to reargue defendant’s motion for summary judgment dismissing the complaint and their cross motion for partial summary judgment on the issue of liability is hereby granted and, upon reargument, this court’s decision and order of December 14, 1994 and judgment of January 12, 1995 granting said motion and denying said cross motion are vacated and set aside; said motion by defendant for summary judgment dismissing the complaint is hereby denied, and said motion by plaintiffs for partial summary judgment on the issue of liability is hereby granted.