■ CORINNE M. BOOTH et al., Respondents, v PATRICIA L. HUFF, Appellant. [708 NYS2d 757] —Graffeo, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered January 18, 2000 in Rensselaer County, which, *inter alia*, denied defendant's cross motion for summary judgment dismissing the complaint.

This action involves a dispute over the disposition of the cremated remains of Ronald Booth (hereinafter decedent), who died on January 7, 1996. At the time of his death, decedent was in the process of obtaining a divorce from his wife, Marsha Booth, and was residing with defendant, his girlfriend, who was designated in his will as the executor of his estate.[1] After a two-day wake, decedent was cremated and defendant took possession of the remains. According to plaintiffs, who are decedent's daughters,[2] in the weeks that followed they contacted defendant by telephone and by correspondence through their respective attorneys requesting that the remains be delivered to them. Although defendant acknowledges one telephone conversation in which plaintiff Corinne M. Booth expressed a desire to divide the ashes between herself, her sister and her mother, defendant denies that plaintiffs made repeated requests for the ashes and claims that she was unaware of the correspondence sent to the law firm handling the estate.

Ten months after decedent's death, without advising decedent's family of her plans, defendant scattered the ashes in the Hudson River. Thereafter, this action was commenced against defendant seeking damages for mental anguish resulting from her allegedly wrongful conduct in refusing to turn over the remains and disposing of them without notifying plaintiffs. When Corinne Booth moved to amend the complaint to add Rebecca Booth as a plaintiff, defendant cross-moved for summary judgment dismissing the complaint, asserting that she could not be held liable for disposal of the remains because she had merely complied with decedent's explicit wishes. In support of her motion, defendant offered the affidavits of several nonparty witnesses who indicated that decedent had expressed a desire that his ashes be scattered where he hunted and

---

1. In his will, executed only five months before his death, decedent left half of his property to his two daughters and the remaining half to defendant. By stipulation of the interested parties, defendant resigned as executor after decedent's wife commenced an elective share action.

2. When the action was initially commenced, Corinne Booth was the sole plaintiff. In the order appealed from, Supreme Court granted an application to amend the complaint to add Rebecca Booth as a plaintiff. On appeal, defendant has not challenged the grant of this application.

fished. Plaintiffs responded with contradictory evidence, contending that decedent had instructed that his ashes be buried in the "family garden" in Columbia County or, in the alternative, at the family plot in Westchester County. Finding that defendant failed to meet her burden of establishing entitlement to summary judgment, Supreme Court denied defendant's cross motion. We affirm.

Generally, " 'the surviving next of kin have a right to the immediate possession of the decedent's body for preservation and burial and * * * damages will be awarded against any person who unlawfully interferes with that right or improperly deals with the decedent's body' " (*Estate of Finn v City of New York*, 76 Misc 2d 388, 389, quoting *Lott v State of New York*, 32 Misc 2d 296, 297-298 [citations omitted]; *see, Darcy v Presbyterian Hosp.*, 202 NY 259; *Roach v Stern*, 252 AD2d 488; *Correa v Maimonides Med. Ctr.*, 165 Misc 2d 614). However, a decedent's wishes will be taken into account when a dispute erupts over the ultimate disposition of remains and, in some cases, given effect over the objections of family members (*see, e.g., Matter of Briggs v Hemstreet-Briggs*, 256 AD2d 894; *Stewart v Schwartz Bros.—Jeffer Mem. Chapel*, 159 Misc 2d 884).

Here, defendant asserts that decedent wished to have his remains strewn in the Hudson River while plaintiffs argue that his remains were to be buried in one of two designated locations and, in any event, that he wanted family members to be present when his remains were laid to rest. Public Health Law § 4202 (4) does not, as a matter of law, necessarily render defendant's conduct unlawful as it is undisputed that defendant took possession of the remains after the wake as a friend of the deceased or as executor of the estate. The parties are also not precluded under the Dead Man's Statute from submitting the testimony of disinterested persons regarding decedent's wishes as to how he wanted to be laid to rest after his death (*see,* CPLR 4519; *Matter of Conroy*, 138 AD2d 212, 215-216, *appeal dismissed* 73 NY2d 810). Thus, triable issues of fact regarding decedent's intentions and the propriety of defendant's actions preclude summary judgment.[3]

The parties' remaining contentions have been considered and are found not to have merit.

Cardona, P. J., Mercure, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.

---

3. Because plaintiffs have the burden of demonstrating that they had a right to the remains and that the interference with that right was improper or unlawful, we disagree with Supreme Court's analysis that defendant was required to plead the propriety of her disposition of the remains as an affirmative defense.