In the Matter of MILAGROS CASERES, Respondent, v MONIQUE P. FERRER, Appellant. [774 NYS2d 372]—

In a special proceeding to permit the Office of the Chief Medical Examiner of the City of New York to release the decedent's remains to the petitioner for the purpose of burial at the Fishkill Rural Cemetery, the appeal is from a judgment of the Supreme Court, Queens County (Price, J.), dated December 13, 2002, which granted the petition.

Ordered that the judgment is affirmed, with costs.

The decedent, Michael A. Trinidad, died tragically as a result of the terrorist attack on the World Trade Center on September 11, 2001. Sometime thereafter a portion of his remains was recovered from the site and identified through DNA testing. The decedent died intestate, survived by two infant children, as well as numerous siblings. At the time of his death, the decedent was divorced from Monique Padilla Ferrer, the appellant in this proceeding.

At issue is who has the right to receive the decedent's remains and direct the method of their disposal. The Supreme Court concluded that the remains should be released to the petitioner, the decedent's eldest surviving sibling. We agree.

It is well settled that a body is not considered property (*see Finley v Atlantic Transp. Co.,* 220 NY 249, 255 [1917]; *Foley v Phelps,* 1 App Div 551 [1896]); and that "there is merely a personal and not a proprietary right in [a] decedent's body" (*Stewart v Schwartz Bros.—Jeffer Mem. Chapel,* 159 Misc 2d 884, 886-887 [1993]). Thus, although the appellant received letters of administration with respect to the decedent's estate, she has no standing to seek the decedent's remains. Where as here, there is no evidence that the decedent left any instructions with respect to the disposition of his remains, the only people who have standing to seek possession of the remains for "preservation and burial" are his surviving next of kin (*see Booth v Huff,* 273 AD2d 576 [2000]; *see also Darcy v Presbyterian Hosp. in City of N.Y.,* 202 NY 259 [1911]; *Stahl v William Necker, Inc.,* 184 App Div 85 [1918]; *Estate of Finn v City of New York,* 76 Misc 2d 388 [1973]). Pursuant to the Rules of the City of New

York (24 RCNY) § 205.01 (d), a decedent's next of kin, for purposes of "giv[ing] instructions regarding the disposal of a decedent's remains" are, in order of priority, a spouse, children over 18 years of age, grandchildren, and other descendants over 18 years of age, parents, and then siblings. In this case, given that the decedent died without a spouse, his children are under 18 years of age, and there is no indication that his parents are alive, the court properly concluded that the petitioner, a sibling, was the next of kin qualified to receive his remains and to give instructions regarding the burial.

The appellant's remaining contention is without merit. Santucci, J.P., Krausman, Luciano and Townes, JJ., concur.