■ JULIAN E. CARTER, Also Known as ED CARTER, Respondent, v JAN MALOFF, Individually and Doing Business as DE-WITT MEMORIAL FUNERAL HOME, et al., Appellants, et al., Defendant. (Appeal No. 1.) [674 NYS2d 248] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this action seeking damages for emotional injuries he allegedly suffered when his son's remains were disinterred nearly eight months after burial and the casket was discovered to be filled with water. Supreme Court granted the motions of defendants Columbia Casket Corporation and Kenco Manufacturing Co., Inc. (Kenco), and the application of defendant Jan Maloff, individually and doing business as Dewitt Memorial Funeral Home (Maloff), for summary judgment dismissing the complaint on the ground that plaintiff failed to comply with a prior conditional order of preclusion. That was error. The order required plaintiff to provide authorizations for defendants to obtain medical records from "each health care provider, doctor or mental health professional" with whom plaintiff treated from the date of his discharge from the Navy to the present that "relate to any injuries either physical or psychological or otherwise which plaintiff claims are the basis for the damages set forth in the complaint". In response to that order, plaintiff provided within the required time period 16 releases addressed to health care providers, hospitals and physicians, authorizing the release to defendants of out-patient records and providing the dates of plaintiff's treatment with those health care providers, hospitals and physicians. In addition, plaintiff checked the box labeled "Other" and specifically requested records relating to treatment for physical or psychological conditions relating to the death of his son in February 1991. The court agreed with defendants' argument that plaintiff had improperly limited the releases to records of treatment provided specifically as a result of conditions related to his son's death, precluded plaintiff from introducing any medical evidence at trial and granted summary judgment dismissing the complaint.

The severe sanction of dismissal may be granted when the misconduct is willful and contumacious (*see, Brady v County of Nassau,* 234 AD2d 408). Here, to comply with the court's order, plaintiff provided authorizations for records of all out-patient treatment he received from 16 different institutions in several different States over a more than 20-year time span, specifying the dates that the treatment might have been rendered. We agree with plaintiff that his checking the box labeled "Other" to add a request for records specifically related to treatment received following his son's death did not serve to limit his authorization for the release of all out-patient records. Consequently, we conclude that the sanction of preclusion was not warranted (*see, Tony's Ornamental Iron Works v National Bldg. & Restoration Corp.,* 237 AD2d 909).

The court properly denied the cross motion of Maloff for summary judgment dismissing the complaint against him. The court also properly denied that part of the motion of Kenco for summary judgment seeking dismissal of the causes of action against it alleging breach of implied warranty and products liability. The court, however, should have granted that part of the motion of Kenco seeking dismissal of the breach of express warranty cause of action against it because plaintiff failed to come forward with evidentiary proof demonstrating that Kenco gave a specific express warranty regarding the casket allegedly manufactured by it (*see, Coffey v United States Gypsum Co.,* 149 AD2d 960, *lv denied* 74 NY2d 610; *see also, McGill v General Motors Corp.,* 231 AD2d 449, 450).

We modify the order in appeal No. 1, therefore, by granting in part the motion of Kenco and dismissing the breach of express warranty cause of action against it. We reverse the order in appeal No. 2, deny the motions of Columbia Casket Corporation and Kenco and the application of Maloff and reinstate the complaint. (Appeals from Order of Supreme Court, Onondaga County, Tormey, III, J.—Summary Judgment.) Present—Green, J. P., Lawton, Pigott, Jr., and Balio, JJ.