■ DEBORAH PERRY-ROGERS et al., Respondents, v MICHAEL OBASAJU, Sued Herein as DR. OBASAJU, et al., Appellants, and RICHARD FASANO et al., Respondents. [723 NYS2d 28] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered March 7, 2000, which, in an action arising out of defendants' mistaken implantation of plaintiffs' embryo into the uterus of another woman (see, 276 AD2d 67), insofar as appealed from, denied defendants-appellants' motions pursuant to CPLR 3211 (a) (7) to dismiss plaintiffs' cause of action for medical malpractice, unanimously affirmed, with one bill of costs.

We reject defendants' argument that plaintiffs' malpractice claim must be dismissed since it seeks to recover only for emotional harm caused by the creation of human life (citing, inter alia, O'Toole v Greenberg, 64 NY2d 427; Becker v Schwartz, 46 NY2d 401). Plaintiffs do not seek damages for the emotional harm caused by the birth of a sick or unplanned healthy child, and would not otherwise have the court calculate the difference between existence and nonexistence. Rather, plaintiffs seek damages for the emotional harm caused by their having been deprived of the opportunity of experiencing pregnancy, prenatal bonding and the birth of their child, and by their separation from the child for more than four months after his birth (cf., Lynch v Bay Ridge Obstetrical & Gynecological Assocs., 72 NY2d 632). Damages for emotional harm can be recovered even in the absence of physical injury "when there is a duty owed by defendant to plaintiff, [and a] breach of that duty result[s] directly in emotional harm" (Kennedy v McKesson Co., 58 NY2d 500, 504). There is no requirement that the plaintiff must be in fear of his or her own physical safety (see,

*Johnson v State of New York*, 37 NY2d 378; *Topor v State of New York*, 176 Misc 2d 177, 180). However, "a plaintiff must produce evidence sufficient to guarantee the genuineness of the claim" (*Kaufman v Physical Measurements*, 207 AD2d 595, 596), such as "[c]ontemporaneous or consequential physical harm," which is "thought to provide an index of reliability otherwise absent in a claim for psychological trauma with only psychological consequences" (*Johnson v State of New York, supra*, at 381). Here, it was foreseeable that the information that defendants had mistakenly implanted plaintiffs' embryos in a person whom they would not identify, which information was not conveyed until after such person had become pregnant, would cause plaintiffs emotional distress over the possibility that the child that they wanted so desperately, as evidenced by their undertaking the rigors of in vitro fertilization, might be born to someone else and that they might never know his or her fate. These circumstances, together with plaintiffs' medical affidavits attesting to objective manifestations of their emotional trauma, create a "guarantee of genuineness" that makes plaintiffs' claim for emotional distress viable (*cf., Johnson v State of New York, supra*). *Johnson v Jamaica Hosp.* (62 NY2d 523) is distinguishable in that it turned on the absence of a direct duty owing to the parents of a newborn who was abducted from the hospital. *Creed v United Hosp.* (190 AD2d 489 [2d Dept]) is also distinguishable in that there the plaintiffs failed to adduce any evidence of physical injury "however minimal." (*Id.* at 492.) We have considered and rejected defendants-appellants' other arguments. Concur—Nardelli, J. P., Tom, Ellerin, Lerner and Rubin, JJ.