■ DONNA A. FASANO et al., Respondents, v LILIAN D. NASH et al., Defendants, and MICHAEL OBASAJU, Sued Herein as "JOHN" OBASAJU, Appellant. [723 NYS2d 181] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered on or about March 7, 2000, which, in an action arising out of defendants' mistaken implantation of another woman's embryo into plaintiff's uterus, insofar as appealed from, denied defendant-appellant embryologist's motion to dismiss the complaint as against him for failure to state a cause of action, unanimously affirmed, without costs.

Plaintiffs allege that appellant's negligence in mixing up the embryos caused them to suffer physical and emotional injuries, namely, the need to undergo a cesarean section due to a twin pregnancy, and the need to make difficult decisions as to whether to carry the fetus that was not theirs to term and whether to give the child up to his biological parents. That such decisions involved a birth does not necessarily require dismissal of the action (*see, Perry-Rogers v Obasaju*, 282 AD2d 231; *cf., Lynch v Bay Ridge Obstetrical & Gynecological Assocs.*, 72 NY2d 632, 635-636; *Martinez v Long Is. Jewish Hillside Med. Ctr.*, 70 NY2d 697; *Becker v Schwartz*, 46 NY2d 401, 412-415). We have considered appellant's other arguments, including that the chain of causation between his alleged negligence and any post-delivery emotional injuries plaintiffs suffered was broken by plaintiffs' post-delivery ac-

tions, and find them unavailing on this motion to dismiss for failure to state a cause of action. Concur—Mazzarelli, J. P., Andrias, Saxe, Buckley and Friedman, JJ.