■ ANTHONY J. MASSARO et al., Respondents, v CHARLES J. O'SHEA FUNERAL HOME, INC., et al., Appellants. [738 NYS2d 384]

—In an action to recover damages for negligent infliction of emotional distress, the defendant Charles J. O'Shea Funeral Home, Inc., appeals, and the defendants Batesville Casket Company, Inc., and Evergreens Cemetery, Inc., separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Queens County (Berke, J.), dated August 16, 2000, as denied their respective motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provisions thereof which denied those branches of the defendants' respective motions which were for summary judgment dismissing the complaint insofar as asserted against them by the plaintiffs Frank Massaro and Joanne Massaro-Fannin, and substituting therefor a provision granting those branches of the motions; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

After Josephine Massaro (hereinafter the decedent) died in March 1996, her grandson, the plaintiff Frank Massaro, retained the defendant Charles J. O'Shea Funeral Home, Inc. (hereinafter O'Shea), to provide funeral services. The decedent's body was placed in a casket manufactured by the defendant Batesville Casket Company, Inc. (hereinafter Batesville), and her body was interred in a mausoleum on premises owned by the defendant Evergreens Cemetery, Inc. (hereinafter Evergreens). Approximately 18 months later, the decedent's granddaughter, the plaintiff Joanne Massaro-Fannin, noticed a noxious odor coming from the mausoleum. As a result, the decedent's casket was disinterred in the presence of Frank Massaro and the decedent's son, the plaintiff Anthony J. Massaro. At that time, it was discovered that the casket was cracked and its contents leaking. The casket was then sealed and replaced in the mausoleum.

Thereafter, the plaintiffs commenced this action against O'Shea, Batesville, and Evergreens to recover damages for negligent infliction of emotional distress based on negligent handling of the decedent's corpse. Following the completion of discovery, O'Shea moved for summary judgment dismissing the complaint insofar as asserted against it, and Batesville and Evergreens separately moved for similar relief. The Supreme Court denied the motions and the defendants separately appeal. We modify the order by granting the respective motions to the extent that each defendant sought the dismissal of the complaint insofar as asserted by the plaintiffs Frank Massaro and Joanne Massaro-Fannin.

The Supreme Court properly denied those branches of the motions which were for summary judgment dismissing the complaint insofar as asserted by Anthony J. Massaro. Contrary to Evergreens' contention, there is a triable issue of fact as to whether Anthony J. Massaro may recover under the facts of this case. Although a cause of action involving the mishandling of a corpse generally "requires a showing of interference with the right of the next-of-kin to dispose of the body" (*Roach v Stern,* 252 AD2d 488, 491; *see, Darcy v Presbyterian Hosp.,* 202 NY 259), the next-of-kin may also recover where one "improperly deals with the decedent's body" (*Lott v State of New York,* 32 Misc 2d 296, 297 [claimants entitled to recover where the decedent's body, inter alia, "was physically manhandled by means of an unauthorized embalming and the application of cosmetics, both in direct violation of the religious beliefs of the deceased and her family" (*supra* at 298)]; *see, Gostkowski v Roman Catholic Church of Sacred Hearts of Jesus & Mary,* 262 NY 320 [the plaintiff allowed to recover where his deceased wife's body was exhumed from plot without his authorization]; *Thompson v Duncan Bros. Funeral Homes,* 116 Misc 2d 227 [the decedent's mother recovered damages for emotional injuries resulting from the defendant's negligent handling and embalming of her son's body]; *Carter v Maloff,* 251 AD2d 979).

Moreover, the fact that Anthony J. Massaro has not sought any medical treatment or psychological counseling for his alleged injuries, while relevant to the issue of damages, does not necessarily preclude his recovery. In a case such as this, "there exists 'an especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serves as a guarantee that the claim is not spurious' " (*Johnson v State of New York,* 37 NY2d 378, 382, quoting Prosser, Torts § 54, at 330 [4th ed]).

The Supreme Court erred, however, in denying those branches of the motions which were for summary judgment dismissing the complaint insofar as asserted on behalf of Frank Massaro and Joanne Massaro-Fannin. Since neither of them were the decedent's next-of-kin, they are not entitled to recover under the facts of this case (*see, Gostkowski v Roman Catholic Church of Sacred Hearts of Jesus & Mary, supra* at 325; *Trammell v City of New York,* 193 Misc 356, *affd* 276 App Div 781; *Darcy v Presbyterian Hosp., supra* at 263). Florio, J.P., Krausman, Friedmann and Adams, JJ., concur.