■ Melanie Garcia, Respondent, v Lawrence Hospital, Appellant, et al., Defendants. [773 NYS2d 59]—

Order, Supreme Court, Bronx County (Howard Silver, J.), entered November 12, 2002, which, inter alia, granted plaintiff's motion for leave to amend her complaint so as to include a cause of action for emotional injury, unanimously affirmed, without costs.

Plaintiff alleges that defendant hospital brought her day-old baby to her for breast-feeding after she had been medically sedated; that the sedative caused plaintiff to fall asleep on top of the baby, smothering him to death; and that defendant was negligent in bringing the baby to plaintiff and then leaving them alone together unsupervised. We reject defendant's argument that plaintiff has no cause of action for emotional injury under a zone-of-danger theory because she was asleep and therefore did not observe the injury she inflicted, and because she herself was never exposed to an unreasonable risk of bodily

harm. All there need be to recover for emotional injury here is breach of a duty owing from defendant to plaintiff that results directly in emotional harm (*Perry-Rogers v Obasaju*, 282 AD2d 231, 231 [2001], *lv dismissed* 96 NY2d 936 [2001], 97 NY2d 638 [2001], citing *Kennedy v McKesson Co.*, 58 NY2d 500, 504 [1983]), and "evidence sufficient to guarantee the genuineness of the claim" (*id.* at 232, quoting *Kaufman v Physical Measurements*, 207 AD2d 595, 596 [1994]), i.e., an "index of reliability," such as, for example, contemporaneous or consequential physical injury (*id.* quoting *Johnson v State of New York*, 37 NY2d 378, 381 [1975]). Nor is medical treatment or psychological counseling essential to the claim, although relevant to damages (*Massaro v O'Shea Funeral Home*, 292 AD2d 349, 351 [2002]). In a case such as this, "there exists 'an especial likelihood of genuine and serious mental distress, arising from the special circumstances' " (*Johnson*, 37 NY2d at 382, quoting Prosser, Torts § 54, at 330 [4th ed]), which, by themselves, provide the necessary index of reliability. Concur—Andrias, J.P., Williams, Lerner, Friedman and Marlow, JJ.