■ WALTER NESBIT et al., Appellants, v WILLADEAN TURNER et al., Defendants, and INTERBORO FUNERAL HOME, INC., et al., Respondents. [792 NYS2d 84]—

In an action to recover damages for negligent infliction of emotional distress, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Kings County (F. Rivera, J.), dated June 20, 2003, which granted the motion of the defendants Interboro Funeral Home, Inc., and Manuel Faust for summary judgment dismissing the complaint insofar as asserted against them, and dismissed the complaint insofar as asserted against those defendants.

Ordered that the order and judgment is modified, on the law, by deleting the provisions thereof granting those branches of the motion of the defendants Interboro Funeral Home, Inc., and Manuel Faust which were for summary judgment dismissing the complaint insofar as asserted against them by the plaintiffs Walter Nesbit, Leonard Nesbit, Bernard Nesbit, Fannie Neblett, Bernice Gordon, and Marva Ragland, and dismissing the complaint insofar as asserted against the defendants Interboro Funeral Home, Inc., and Manuel Faust, and substituting therefor a provision denying those branches of the motion; as so modified, the order and judgment is affirmed, without costs or disbursements, and the complaint insofar as asserted by the

plaintiffs Walter Nesbit, Leonard Nesbit, Bernard Nesbit, Fannie Neblett, Bernice Gordon, and Marva Ragland against the defendants Interboro Funeral Home, Inc., and Manuel Faust is reinstated.

Contrary to the plaintiffs' contention, the Supreme Court providently exercised its discretion in entertaining the summary judgment motion of the defendants Interboro Funeral Home, Inc., and Manuel Faust (hereinafter the respondents) (*see Brill v City of New York,* 2 NY3d 648 [2004]; *Goodman v Gudi,* 264 AD2d 758 [1999]). However, the Supreme Court should not have granted those branches of the respondents' motion which were for summary judgment dismissing the complaint insofar as asserted against them by the plaintiffs Walter Nesbit, Leonard Nesbit, Bernard Nesbit, Fannie Neblett, Bernice Gordon, and Marva Ragland, the nieces and nephews of the decedent Bernice Cassano. Contrary to the defendants' contention, a triable issue of fact exists as to whether the aforementioned plaintiffs may recover under the facts of this case.

"[T]he surviving next of kin have a right to the immediate possession of a decedent's body for preservation and burial and . . . damages will be awarded against any person who unlawfully interferes with that right or improperly deals with the decedent's body" (*Lott v State of New York,* 32 Misc 2d 296, 297 [1962]; *see Gostkowski v Roman Catholic Church,* 262 NY 320 [1933]; *Darcy v Presbyterian Hosp. in City of N.Y.,* 202 NY 259 [1911]; *Massaro v O'Shea Funeral Home,* 292 AD2d 349 [2002]; *Klumbach v Silver Mount Cemetery Assn.,* 242 App Div 843 [1934], *affd* 268 NY 525 [1935]). Pursuant to the Rules and Regulations of City of New York, Health Code (24 RCNY) § 205.01 (d), a decedent's next of kin, for purposes of "giv[ing] instructions regarding the disposal of a decedent's remains" are, in order of priority, a spouse, children over 18 years of age, grandchildren, and other descendants over 18 years of age, parents, and then siblings and other descendants over 18 years of age.

The respondents failed to submit evidence sufficient to establish, as a matter of law, that the aforementioned plaintiffs were not the surviving next of kin of the decedent for purposes of "giv[ing] instructions regarding the disposal of [the] decedent's remains" (*see* Rules & Regulations of City of New York, Health Code [24 RCNY] § 205.01 [d]; *Matter of Caseres v Ferrer,* 6 AD3d 433 [2004]). Moreover, under the circumstances, a triable issue of fact exists as to whether the respondents deprived the aforementioned plaintiffs of their rights to possession of the decedent's body for purposes of burial (*see Gostkowski v Roman*

*Catholic Church, supra; Klumbach v Silver Mount Cemetery Assn., supra; Lott v State of New York, supra).* That branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the respondents by the plaintiff Ida Nesbit, however, was properly granted since she, as the wife of Walter Nesbit, is not the surviving next of kin of the decedent.

The respondents' remaining contentions are without merit. Schmidt, J.P., Adams, Santucci and Skelos, JJ., concur.