OPINION OF THE COURT
Charles J. Markey, J.
Defendants move for an order, pursuant to CPLR 3212, granting them summary judgment dismissing plaintiffs’ complaint.
Plaintiffs commenced this action to recover damages for an incident which occurred at defendants’ restaurant on January 26, 1999. Plaintiff Judith Kinsler claims that on that date, when she went to pay for lunch, Reyes Coreas, the manager of defendants’ restaurant, accused her, among other things, of being a thief and passing counterfeit money. The police were called but they declined to arrest plaintiff Judith Kinsler. It is further alleged that as a result of this incident plaintiff Ashley Kinsler, plaintiff Judith Kinsler’s minor daughter, became emotionally distressed and suffered an asthma attack, requiring medical attention.
In the first two causes of action contained in the amended endorsed complaint, plaintiff Judith Kinsler seeks to recover damages for slander and the intentional infliction of emotional distress. In the third cause of action, damages are sought on behalf of infant plaintiff Ashley Kinsler for the emotional distress and asthma attack she allegedly sustained as a result of the incident. In the fourth cause of action, plaintiff seeks to recover the money she spent for medical treatment for her daughter, plaintiff Ashley Kinsler. Plaintiffs also seek to recover punitive damages.
In her affidavit in opposition to the motion, plaintiff Judith Kinsler claims that Reyes Coreas called her a thief, a crook, a lowlife, and accused her of stealing money from him.
In the verified bill of particulars, it is claimed that Reyes Coreas accused plaintiff Judith Kinsler of stealing money from *838 defendants’ business by passing a counterfeit bill. In addition, it is alleged that Reyes Coreas called plaintiff a crook, a thief and a lowlife.
At her examination before trial, in response to defendants’ attorney’s question, “What point in time did he call you a thief?,” plaintiff Judith Kinsler answered as follows:
“When he was holding me back. He stopped me and started right away. You gave me bad money, this money is no good, this is counterfeit money and do you know how many times this has happened to me. I said, I don’t know what you are talking about. He said you’re a thief. That is when it came out maybe a minute or two minutes, because there was just a bunch of things that he was saying to me and I was frightened, because I did not know what was going on.” (Examination before trial, at 23, lines 4-12.)
Defendants claim that, even if Reyes Coreas made the statements as alleged by plaintiff Judith Kinsler, those statements do not constitute slander per se, and in the absence of special damages, plaintiff Judith Kinsler cannot maintain an action for defamation.
A statement charging a person with a serious crime constitutes slander per se, which permits a person to maintain an action without pleading special damages. (Liberman v Gelstein, 80 NY2d 429 [1992]; Marcus v Bressler, 277 AD2d 108 [1st Dept 2000]; Sterling Doubleday Enters. v Marro, 238 AD2d 502 [2d Dept 1997].) Calling someone a thief can constitute slander per se. (Rabbani v Fisch, 1998 WL 175924, 1998 US Dist LEXIS 5126 [SD NY, Apr. 15, 1998]; Dallin v Mayer, 122 App Div 676 [1st Dept 1907].)
In Graham v James (1996 WL 484369, 1996 US Dist LEXIS 12498 [WD NY, Aug. 15, 1996], judgment affd in part and vacated in part 144 F3d 229 [2d Cir 1998] [affirmed dismissal of defamation claim]), the court held that calling someone a thief constituted slander per se, but dismissed the defamation counterclaim based on the common interest doctrine in that the people to whom the defamatory remarks were published shared a common interest in the ownership of the disputed property.
Thus, plaintiff Judith Kinsler’s claim that Reyes Coreas called her a thief can constitute slander per se, which does not require the pleading of special damages.
In addition, the alleged statements of Reyes Coreas, when taken together, support a cause of action for slander per se.
*839 In order for a statement charging a person with a crime to be actionable as slander per se, the statement must accuse the person of the commission of an indictable offense, upon commission of which punishment may be inflicted. The words must specify a crime or a crime must be apparent from properly pleaded innuendo. (Privitera v Town of Phelps, 79 AD2d 1 [4th Dept 1981], appeal dismissed 53 NY2d 796 [1981]; Burdick v Verizon Communications, 305 AD2d 1030 [4th Dept 2003]; Tourge v City of Albany, 285 AD2d 785 [3d Dept 2001].)
Defendants are correct in that an accusation of passing counterfeit money standing alone does not support a claim of slander per se. In order to be guilty of passing counterfeit money, a person must have knowledge that the money is counterfeit and an intent to defraud. (18 USC § 472; United States v Lorenzo, 570 F2d 294 [9th Cir 1978].) The mere accusation of passing counterfeit money does not contain the necessary elements of an indictable crime, to wit, knowledge and intent. However, in this case, Reyes Coreas allegedly accused plaintiff Judith Kinsler of being a thief and passing counterfeit money in the same breath. A reasonable person could infer from the combination of these statements that Reyes Coreas was accusing her of passing counterfeit money with knowledge and intent. Thus, Judith Kinsler has stated a cause of action for slander per se, and the first cause of action shall stand.
In the second cause of action, plaintiff seeks to recover for the emotional distress, humiliation and embarrassment she suffered as a result of the slanderous accusations.
This cause of action seems to be duplicative of the first cause of action, in that plaintiff seeks to recover damages for the same alleged items for which she seeks damages in the first cause of action. In addition, even if plaintiff Judith Kinsler seeks damages in the second cause of action for the intentional infliction of emotional distress, it must be dismissed as duplicative of the first cause of action.
In Brancaleone v Mesagna (290 AD2d 467 [2d Dept 2002]), the Court dismissed the cause of action for intentional infliction of emotional distress as duplicative of the cause of action for defamation, since plaintiff may recover for emotional distress caused by the defamatory statements.
Accordingly, the second cause of action is dismissed.
In the third cause of action, plaintiffs seek to recover damages for infant plaintiff Ashley Kinsler for the alleged asthma
*840 and emotional distress suffered by her as a result of the false accusations made against her mother.
The Pattern Jury Instructions for civil cases states:
“The ‘transferred intent’ doctrine, recognized in other intentional torts, has not been applied in this State to outrageous conduct. The defendant’s conduct must be directed toward plaintiff. Thus, a bystander whose sensibilities may be so shocked as to cause mental distress cannot recover, even when the bystander is closely related to the person toward whom the conduct was directed, Kalina v General Hospital of Syracuse, 31 Misc2d 18, 220 NYS2d 733, aff'd, 18 AD2d 757, 235 NYS2d 808, aff'd on Special Term opinion 13 NY2d 1023, 245 NYS2d 599, 195 NE2d 309 (parents of son circumcised without authority and in violation of religious requirements); see, 1 Harper & James, The Law of Torts 671, § 69.3; and 15 ALR2d 108, 129. The rule has been criticized, Prosser, Intentional Infliction of Mental Suffering; A New Tort, 37 Mich L Rev 874, 889; Prosser, Transferred Intent, 45 Texas L Rev 650, and is inconsistent with Restatement, Torts 2d, § 46 (2) but is consistent with the rule applied to unintentional torts, Bovsun v Sanperi, 61 NY2d 219, 473 NYS2d 357, 461 NE2d 843.” (2 NY PJI2d 66 [2005].)
In the cases cited in the above passage, the plaintiffs sought to recover only for emotional distress. In this case, it is claimed that, in addition to emotional distress, plaintiff Ashley Kinsler suffered contemporaneous physical harm, specifically, an asthma attack.
In Johnson v Jamaica Hosp. (62 NY2d 523 [1984]), the Court dismissed the plaintiffs’ claim to recover for the emotional distress they suffered as a result of their newborn daughter being abducted from the hospital. The Court held that, since the parents were not in the zone of danger and did not claim that they suffered injury as a result of observing injury to their daughter, they may not recover. Further, the Court was further concerned that to allow recovery in that case would invite open-ended liability for indirect emotional injury suffered by a family in eveiy instance where the very young, or very elderly, or incapacitated persons experience negligent treatment.
In addition, with respect to recovery for emotional distress there is a danger of fraudulent claims. However, where a *841 plaintiff produces evidence that the claim is genuine by showing contemporaneous or consequential physical harm, the claim may go forward. (Perry-Rogers v Obasaju, 282 AD2d 231 [1st Dept 2001], lv dismissed 96 NY2d 936 [2001], 97 NY2d 638 [2001].)
In the within case, unlike the Johnson case, an intentional tort is involved, plaintiff Ashley Kinsler was present when the alleged incident happened, and she allegedly suffered a physical injury. If Reyes Coreas committed the intentional tort of slander, and the plaintiffs can causally connect the asthma attack to the incident, there is no reason that plaintiff Ashley cannot recover.
No less an authority than Judge Richard A. Posner of the United States Court of Appeals for the Seventh Circuit observed that the doctrine of transferred intent can be applied to defamation cases (Matter of EDC, Inc., 930 F2d 1275, 1279 [7th Cir 1991], citing Jones v E. Hulton & Co., [1909] KB 444, affd [1910] AC 20 [HL]). In the present case, the transferred intent doctrine, as applied to the defamation/slander theory, is actionable. Accordingly, the third cause of action shall stand.
The fourth cause of action, in which plaintiff Judith Kinsler seeks to recover for the medical expenses incurred by infant plaintiff Ashley Kinsler, shall stand. If plaintiff Ashley Kinsler recovers for the injuries she allegedly suffered, then plaintiff Judith Kinsler can recover for the medical expenses incurred.
Accordingly, defendants’ motion is granted solely to the extent of dismissing the second cause of action. The balance of the complaint shall stand.