ELAINE PLUNKETT et al., Appellants, v NYU DOWNTOWN HOSPITAL, Respondent. [801 NYS2d 354]—

In an action to recover damages for violation of the right of sepulcher, the plaintiffs appeal from an order of the Supreme Court, Queens County (Kitzes, J.), dated September 2, 2004, which granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, that branch of the defendant's motion which was for summary judgment dismissing the complaint is denied, and the complaint is reinstated.

Contrary to the contention of the defendant and the determination of the Supreme Court, the plaintiffs' action to recover for the emotional injuries flowing from the defendant's alleged unwarranted delay in notifying them of their father's death and its interference with their right to the possession of his remains

(*see generally Gostkowski v Roman Catholic Church*, 262 NY 320 [1933]; *Darcy v Presbyterian Hosp. in City of N.Y.*, 202 NY 259 [1911]; *Nesbit v Turner*, 15 AD3d 552 [2005]; *Estate of Scheuer v City of New York*, 10 AD3d 272 [2004]) was not rendered deficient merely because the plaintiffs did not submit medical evidence to support all of their injuries. While evidence of a specific medical diagnosis or course of treatment may be relevant to the issue of damages, it is not essential to the prosecution of such an inherently genuine claim (*see Garcia v Lawrence Hosp.*, 5 AD3d 227, 228 [2004]; *see generally Johnson v State of New York*, 37 NY2d 378, 382 [1975]), and its absence does not preclude recovery (*see Massaro v O'Shea Funeral Home*, 292 AD2d 349, 351 [2002]; *Maracallo v Board of Educ. of City of N.Y.*, 2 Misc 3d 703, 714 [2003]).

Similarly, the plaintiffs presented sufficient evidence to warrant the submission of their claim for punitive damages to a jury (*see generally Gostkowski v Roman Catholic Church, supra; Liendo v Long Is. Jewish Med. Ctr.*, 273 AD2d 445 [2000]; *Liberman v Riverside Mem. Chapel*, 225 AD2d 283 [1996]).

The defendant's remaining contention is without merit (*see Gostkowski v Roman Catholic Church, supra* at 325; *Nesbit v Turner, supra; Weingast v State of New York*, 44 Misc 2d 824, 826 [1964]). Schmidt, J.P., Santucci, Mastro and Rivera, JJ., concur.