MARGARETTE WAINWRIGHT et al., Appellants, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents. [877 NYS2d 201]—

In an action to recover damages for negligence, the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Flug, J.), dated September 20, 2007, as granted those branches of the defendants' motion which were (a) for leave to amend their answer to assert the affirmative defense of lack of capacity to sue as to all of the plaintiffs except Margarette

Wainwright, as administratrix of the estate of Fernande Moise, and which deemed the amended answer served nunc pro tunc, and (b) to dismiss the complaint as to all of the plaintiffs except Margarette Wainwright, as administratrix of the estate of Fernande Moise.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants' motion which were (a) for leave to amend their answer to assert the affirmative defense of lack of capacity to sue as to all of the plaintiffs except Margarette Wainwright, as administratrix of the estate of Fernande Moise, and which deemed the amended answer served nunc pro tunc, and (b) to dismiss the complaint as to all of the plaintiffs except Margarette Wainwright, as administratrix of the estate of Fernande Moise, are denied.

Contrary to the defendants' contention and the conclusion reached by the Supreme Court, all of the plaintiffs, who are all the decedent's next of kin, are proper parties in this action to recover damages for mishandling of a corpse. Relatives of a deceased person may not maintain separate actions against those whom they allege mishandled their relative's body; however, next of kin may join together in such a lawsuit (*see Gostkowski v Roman Catholic Church*, 262 NY 320 [1933]; *Plunkett v NYU Downtown Hosp.*, 21 AD3d 1022 [2005]; *Nesbit v Turner*, 15 AD3d 552 [2005]; *Weingast v State of New York*, 44 Misc 2d 824, 826 [1964]; *see also Brown v Broome County*, 8 NY2d 330 [1960]). Spolzino, J.P., Santucci, Leventhal and Chambers, JJ., concur.